# EXHIBIT A

Declaration of Wade Wiebe, Executive Director of the Kansas Governmental Ethics Commission

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KANSANS FOR CONSTITUTIONAL FREEDOM,<br><br>Plaintiff,<br><br>v.<br><br>KRIS KOBACH, et al.,<br><br>Defendants. | Case No. 2:25-cv-2265-DDC-GEB |

**Executive Director Wade Wiebe's Declaration in Support
of Defendants' Opposition to the Motion for Preliminary Injunction**

I, Wade Wiebe, being over 18 years of age, submit this declaration in support of Defendants' Opposition to the Motion for Preliminary Injunction, and state:

1. I have reviewed and am generally familiar with Plaintiff's Complaint and Motion for Preliminary Injunction.

2. I make this declaration based on personal knowledge.

3. I am the Executive Director of the Kansas Governmental Ethics Commission (the Commission). I have held this role since May 5, 2025, when I was hired by the Commissioners to serve as Executive Director.

4. The Commission is charged with implementing and enforcing the Kansas Campaign Finance Act (KCFA), and is comprised of nine commissioners—two appointed by the governor, one by the president of the senate, one by the speaker of the house of representatives, one by the minority leader of the house of representatives, one by the minority leader of the senate, one by the chief justice of the supreme court, one by the attorney general and one by the secretary of state. Kan. Stat. Ann. § 25-4119a(b), (d).

5.  The Commission has rulemaking authority over the KCFA. §25-2119a(d) ("The commission may adopt rules and regulations for the administration of the campaign finance act."). These rulemaking proceedings are "subject to the provisions of article 4 of chapter 77 of Kansas Statutes Annotated." *Id.*

6.  The Commission also issues advisory opinions "on questions concerning the interpretation of the campaign finance act." §25-4159. "Any person who acts in accordance with the provisions of such an opinion, shall be presumed to have complied with the provisions of the campaign finance act." *Id.*

7.  I have reviewed and am familiar with House Bill 2106 (HB 2106), which repeals and reenacts, as amended, Kan. Stat. Ann. § 25-4180. Section 25-4180 applies to activity promoting or opposing the adoption or repeal of any provision of the Kansas Constitution (i.e., constitutional ballot propositions). The statute requires campaign-finance reporting and certifications, provides limits on contributions and expenditures by foreign nationals regarding constitutional ballot propositions, and defines a statutory enforcement scheme. Section 25-4180 makes clear the "section shall be a part of and supplemental to the campaign finance act." §25-4180(j).

8.  As part of the KCFA, the Commission has rulemaking authority over §25-4180, as amended by HB 2106. In addition, the Commission is responsible for providing form reports and instructions for report filers to complete those reports and certifications. The form reports and instructions are on the Commission's website, and include instructions, summary pages, and schedules. *See* https://www.kansas.gov/ethics/CFAForms/ConstitutionalQuestion.html.

9.  The Commission has not had the opportunity to update its form reports and instructions based on the revisions to HB 2106. Nor has it had the opportunity to commence rulemaking proceedings to provide further instructions and guidance on the requirements in §25-4180.

2

10. During the 2025 legislative session, several amendments to the KFCA were adopted in addition to HB 2106. My staff and I are reviewing each piece of legislation and systematically proposing regulatory updates to the Commission for its consideration. We have not yet done this for HB 2106, but intend to do so in the near future after which I will present to the Commissioners regarding implementing rules and regulations governing the requirements in §25-4180, as amended by HB 2106.

11. I believe it would be advisable for the Court to allow the Commission an opportunity to complete these administrative proceedings, or at least allow the Commission to update its form reports and instructions, prior to hearing arguments on Plaintiff's Complaint and Motion for Preliminary Injunction.

12. I am particularly concerned that if the Defendants must respond to Plaintiff's argument in court before the administrative process is complete, the arguments made by counsel could materially impact whether and how the Commission exercises its rulemaking authority under the KCFA.

13. To my knowledge, Plaintiff has not requested an advisory opinion from the Commission on the application of section 25-4180.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 13, 2025, in _TOPEKA_____, Kansas.

_____
Wade Wiebe
Executive Director, Kansas
Governmental Ethics Commission

3