IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KANSANS FOR CONSTITUTIONAL FREEDOM,<br><br>    Plaintiff,<br><br>    v.<br><br>KRIS KOBACH et al.,<br><br>    Defendants. | Case No. 2:25-cv-02265-DDC-GEB |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE
REGARDING FORTHCOMING ADMINISTRATIVE REVIEW**

Defendants' "Notice" that they might engage in possible administrative action in late July does not in any way lessen the necessity for a preliminary injunction to protect KCF from the irreparable harm it will suffer when HB2106 goes into effect on July 1. ECF No. 37. Not only is it far from certain when this anticipated action may occur, the draft forms and instructions attached to Defendants' Notice, ECF No. 37-1 at 3-9 ("Draft Forms") do not solve the constitutional problems with HB2106. If anything, they only underscore the need for the Court to take action to protect KCF in a landscape where HB2106 threatens its core protected First Amendment activity both through restrictions plainly set forth in its text and confusion and ambiguity created by some of its provisions. Indeed, Defendants' Draft Forms raise more questions than they answer. True, some of the proposed instructions contained in the Draft Forms track the statutory language. But other proposed instructions add new substantive limitations that directly contradict the language enacted by the Kansas legislature. *Compare, e.g.*, ECF No. 37-1, at 8 (adding a purpose limitation to certifications required under K.S.A. §25-4180(a)(1)), *with* K.S.A. §25-4180(a)(1) (containing no purpose limitation). And still other provisions would create new (and bizarre) definitions completely out of whole cloth, with no discernible link to statutory text. *See* ECF No. 37-1, at 7

(defining "independent expenditures" as a purchase, payment, or anything of value that "*expressly advocates* for or against a constitutional ballot question *without the cooperation or consent of others advocating for or against the constitutional ballot question*" (emphasis added)). These proposed substantive changes only indicate that the Commission also recognizes the substantial constitutional problems inherent in the text of HB2106. The Draft Forms should not lead the Court to delay decisionmaking in this matter. To the contrary, they further support the urgent need for prompt judicial intervention. This is so for at least three reasons.

**1.** The Notice confirms that Defendants *still* have not decided what HB2106 means, and the earliest they will come to a decision about what the statute prohibits is in approximately a month. But they conspicuously avoid any firm commitments regarding the timing or contents of future administrative guidance. *See* ECF No. 37-1, Wiebe Decl. ¶ 7 (stating that "preliminary draft" administrative materials are "planned to be on the agenda" "for the Commission's consideration" at a July 23 meeting, and that the Commission "may" conduct additional, unspecified "administrative action" regarding HB2106). Accordingly, any substantive guidance that the Draft Forms might provide is entirely hypothetical and speculative. There is no way to know whether the Commission will ultimately adopt some or all of the Draft Forms that they have submitted to the Court. It would therefore be entirely premature to consider these Draft Forms as representing any actual position being taken by Defendants. Thus, KCF still is left without direction as to what activities it may engage in after July 1 that would not risk potential prosecution or civil fines. This continued lack of clarity in and of itself leaves KCF and others who would fundraise and make plans to launch ballot issue advocacy efforts without any final guidance on what the state will ask them to report.

**2.** As a matter of law, the Commission cannot cure HB2106's facial vagueness and overbreadth by promulgating administrative guidance. "When speech is involved, a statute or regulation must not be vague on its face, and, thus, an agency's interpretation of a statute is generally not subject to void-for-vagueness analysis." *Voter Reference Found., LLC v. Balderas*, 616 F. Supp. 3d 1132, 1269 (D.N.M. 2022). "[A] promise by the government that it will interpret statutory language in a narrow, constitutional matter cannot, without more, save a potentially unconstitutionally overbroad statute[.]" *Free Speech Coal., Inc. v. Att'y Gen. of U.S.*, 677 F.3d 519, 539 n.15 (3d Cir. 2012); *see also* Plfs. Opp. to Defs. Motion to Dismiss, ECF No. 33 at 7-8. Moreover, some of the definitions proposed by the Draft Forms either flatly contradict the plain language of HB2106 or add language that does not appear in the statute. Thus, the Draft Forms demonstrate that the Commission has not yet found a way to enforce the plain language of the statute that does not raise serious constitutional problems. This is evident, for example, in the Draft Forms' insertion of a "purpose" requirement and a temporal cutoff for reportable contributions and expenditures, neither of which is found in the statute. *E.g.*, ECF No. 37-1, at 8.

**3.** Even taking the Commission's Draft Forms at face value, they do not solve, and in some ways compound, the constitutional infirmities with HB2106, in particular as it relates to vagueness, overbreadth, and lack of narrow tailoring. For example, the certification required in the Draft Forms for independent expenditures tracks the plain language of the statute. ECF No. 37-1 at 6; K.S.A. §25-4180(c). It effectively bars a person who has received *any* "moneys" from a foreign national, for *any* purpose, aggregating to $100,000 over the past four years, from engaging in constitutional issue advocacy. And it effectively prohibits any person who engages in such advocacy from accepting *any* amount of "moneys" for *any* purpose for the remainder of the calendar year following such advocacy. As KCF has explained, this language is both overbroad

3

and vague. *See* Plfs. PI Mot., ECF No. 9 at 17-18, 21-22. Moreover, the Draft Forms' definition of "independent expenditures," as those made without the "cooperation or consent of others advocating for or against the constitutional ballot question," ECF No. 37-1 at 7, raises more questions than it answers. As KCF has explained, the concept of an "independent expenditure" simply makes no sense in the context of a ballot question which may be supported or opposed by any number of disparate individuals or organizations. ECF No. 9 at 21. And the proposed insertion of an atextual "purpose" limitation into the definitions of "contribution" and "expenditure" for purposes of subsections (a)(1) and (a)(2) also does not cure the overbreadth and vagueness of those sections. As KCF has explained, the phrase "for the purpose of promoting or opposing the adoption or repeal" of a constitutional amendment itself raises vagueness problems. *Id.* at 19-21.

\*\*\*

In sum, Defendants' Notice does nothing to advance their prudential ripeness defense and poses no impediment to the Court entering a preliminary injunction. If anything, it only underscores the need for an expeditious ruling to ensure that KCF's First Amendment rights are not impeded by HB2106 when it goes into effect on Tuesday.

Dated: June 30, 2025                    Respectfully submitted,

*/s/ Nicole Revenaugh*
Pedro L. Irigonegaray (#08079)
Nicole Revenaugh (#25482)
**IRIGONEGARAY & REVENAUGH**
1535 S.W. 29th Street
Topeka, KS 66611
(785) 267-6115
pedro@itrlaw.com
nicole@itrlaw.com

Elisabeth C. Frost\* (D.C. 1007632)

4

Joshua C. Abbuhl* (D.C. 1044782)
Richard A. Medina* (D.C. 90003752)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, D.C. 20001
(202) 968-4490
efrost@elias.law
jabbuhl@elias.law
rmedina@elias.law

*Attorneys for Plaintiff*

*\* Pro hac vice*